IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**RYAN KEEL,** *et al.* | Case No. 2:20-cr-00258-03-JDW |

### MEMORANDUM

Ryan Keel pled guilty to conspiracy to engage in sex trafficking of a minor in August 2022. He now claims that with better lawyering, the Government would have given him a better plea deal and that I erred when I sentenced him to 135 months in prison. He's wrong on both counts, so I will deny his petition to reduce or vacate his sentence pursuant to 28 U.S.C. § 2255 without an evidentiary hearing.

**I.     PROCEDURAL BACKGROUND**

**A.     Pre-Trial Proceedings, Guilty Plea, and Appeal**

On August 24, 2020, a grand jury returned an indictment against Mr. Keel and his two co-defendants. Count One charged Mr. Keel with conspiracy to engage in sex trafficking of minors in violation of 18 U.S.C. § 1594(c). The remaining four counts applied only to Mr. Keel's co-defendants. On January 12, 2022, I appointed Gina A. Amoriello, Esq., to represent Mr. Keel.

On August 30, 2022, Mr. Keel pled guilty to Count One of the indictment pursuant to a plea agreement in which the Government agreed not to recommend a sentence

outside the applicable Sentencing Guidelines range. His plea agreement explained the statutory maximum and mandatory minimum penalties. I conducted a change of plea hearing on August 30, 2022. During that hearing, I confirmed with Mr. Keel that he understood the process that led to the plea agreement, that he signed it voluntarily, that he consulted with his lawyer and read it before he signed, and that he did not have any questions. I also confirmed that the Government did not offer a more favorable plea deal than the agreement before me that day. I explained to Mr. Keel the maximum possible sentence available for his charge: "You face up to a lifetime in prison, a minimum of five years, and up to a lifetime of supervised released [sic]." (ECF No. 180 at 15:9–12.) Mr. Keel confirmed that he understood. I also asked counsel for the Government to recite the elements of the charge and to recite the facts the Government contends it would have proved beyond a reasonable doubt had Mr. Keel elected to go to trial.

At the end of that process, Mr. Keel confirmed that he did what the Government said. He then pled guilty. Mr. Keel appealed his judgment, and the Third Circuit enforced the appellate waiver in the plea agreement and granted summary affirmance. (*See* ECF No. 203.)

**B.    Section 2255 Motion**

On March 20, 2025, Mr. Keel filed a *pro se* Motion To Vacate, Set Aside, Or Correct A Sentence under 28 U.S.C. § 2255. Twice after his filing, I notified Mr. Keel that, under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), he must file one all-

2

inclusive motion with all grounds he wishes to raise, and that except in extremely limited circumstances, AEDPA precludes filing of a subsequent § 2255 motion. On both occasions, I directed Mr. Keel to file an election form indicating whether he wished to amend his filing to include more grounds, and I explained that I would treat his original filing as his all-inclusive § 2255 motion if he failed to file the election form. He has not filed the form to date, so I will treat his original filing as his all-inclusive § 2255 Motion.

In his Motion, Mr. Keel asserts five grounds for relief, four of which rely on supposed ineffective assistance of counsel: (i) failure to file a motion to sever him from his co-defendants; (ii) failure to argue that the proper charge in his case was aiding and abetting; (iii) failure to interview victim witnesses to determine the scope of his culpability; and (iv) failure to investigate exculpatory evidence. He also complains that his sentence was severe and disproportionate to that of his co-defendants.

## II.   LEGAL STANDARD

Section 2255(a) permits a prisoner serving a federal sentence to move the sentencing court to "vacate, set aside, or correct the sentence" where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To obtain relief pursuant to § 2255(a), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Cleary*, 46

F.3d 307, 310 (3d Cir. 1995) (quotation omitted). This heightened standard reflects "the great interest in finality of judgments," which "has special force with respect to convictions based on guilty pleas." *Id.* (quotation omitted).

Section 2255(b) requires a district court to hold a hearing to resolve the issues and make factual findings and legal conclusions on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). In determining whether a hearing is warranted, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir. 1989). The district court need not investigate a movant's claims based on "vague and conclusory allegations." *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000).

## III. DISCUSSION

### A. Ineffective Assistance Of Counsel

In *Strickland v. Washington*, the Supreme Court laid out a two-prong test for assessing ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance was deficient by demonstrating "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. 668, 687 (1984). Second, a petitioner must show that the "deficient performance prejudiced the defense." *Id.* at 669. Mr. Keel cannot satisfy either prong.

1. **Conduct of counsel**

A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Mr. Keel comes nowhere close to overcoming that presumption.

*First*, his counsel did not err by failing to seek a severance. To establish that failure to move for severance constituted deficient conduct, Mr. Keel would have to at least show that, if his counsel had moved to sever the case, I would have granted the motion. *See, e.g., Thomas v. Varner*, 428 F.3d 491, 502 (3d Cir. 2005). The Federal Rules of Criminal Procedure allow for joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). Rule 14(a) states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). Because of the judicial system's strong preference for joint trials of defendants who are indicted together, when defendants have been properly joined under Rule 8(b), severance is only appropriate when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." *Zafiro v. United States,* 506 U.S. 534, 539 (1993). This preference is stronger when multiple individuals are charged in a single conspiracy. *See United States v. Voigt*, 89 F.3d 1050, 1094 (3d Cir. 1996).

In this case, the indictment charged Mr. Keel and his co-defendants of participating in a conspiracy, with several related events. A conspiracy charge epitomizes the type of connection between defendants that Rule 8(b) contemplates; it involves a common link and demonstrates the existence of a common scheme or plan. *See United States v. Somers*, 496 F.2d 723, 729–30 (3d Cir. 1974). Joinder is appropriate in this context even when different defendants are charged with different acts, so long as those acts arose as part of a commonly charged conspiracy. *See id.* at 730. The factual record, which Mr. Keel accepted upon pleading guilty, establishes Mr. Keel's participation in the conspiracy. Even though his co-defendants faced additional charges, his joinder was still proper.

Mr. Keel shows no prejudice from the joinder that would otherwise merit severance. At most, he points to the possibility of evidence at trial that focused only on his co-defendants' actions. But that's the nature of a conspiracy. He has not shown that he suffered the type of prejudice that would have led to a severance. His counsel therefore did not err in opting not to file a severance motion.

*Second*, Mr. Keel's counsel did nothing wrong in failing to argue for an aiding and abetting charge rather than a conspiracy charge. When an act violates more than one criminal statute, the Government may prosecute either, as long as it does not discriminate against a class of defendants. *See United States v. Batchelder*, 442 U.S. 114, 123 (1979). A defendant has no right to elect which of two applicable federal statutes the Government prosecutes, nor is he entitled to choose the scheme under which he will be sentenced.

*See id.* at 125. At his change-of-plea hearing, Mr. Keel admitted to facts that establish his guilt of conspiracy. He admitted that he agreed with his co-defendants to traffic minor females in his house, shared the intent to achieve the goal of sex trafficking of a minor, and derived proceeds from the commercial sex acts performed by minor victims in his own house. Those facts could also support an aiding and abetting charge, but Mr. Keel has no legal right to have the Government prosecute him only for that charge or to plead guilty only to that charge. Because "there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument," Mr. Keel's counsel did not err in this respect. *United States v. Sanders,* 165 F.3d 248, 253 (3d Cir. 1999).

*Third*, Mr. Keel has not demonstrated any error on his counsel's part for failing to interview witnesses or develop mitigating or exculpatory evidence. While I must accept Mr. Keel's factual assertions as true in determining whether to hold a hearing, I do not have to credit "bald assertions and conclusory allegations." *Campbell v. Burris,* 515 F.3d 172, 184 (3d Cir. 2008) (quoting *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)). But that's all Mr. Keel has. He claims that witness interviews and legwork by counsel might have helped illustrate his minor role in the offense. But the fact remains that Mr. Keel admitted under oath at the change-of-plea hearing that he engaged in the conduct with which the Government charged him. Mr. Keel has not pointed to anything specific that his counsel might have overlooked or that she would have developed if she did everything

7

that Mr. Keel claims she did not. Mr. Keel's claims otherwise amount to nothing more than his own bald assertions, and I will not credit them.

### 2. Prejudice

For all of his ineffective assistance of counsel claims, Mr. Keel contends that he suffered prejudice because additional efforts by counsel would have resulted in a better plea deal. The Third Circuit has not ruled on whether such a theory is viable. Even if it is viable as a matter of law, though, Mr. Keel falls short of satisfying it. At the very least, courts approving such a theory require that the petitioner show a reasonable probability that the Government was willing to and would have offered a more favorable plea deal had the petitioner received effective assistance of counsel. *See, e.g., United States v. Swaby*, 855 F.3d 233, 242 (4th Cir. 2017). Mr. Keel offers no such probability. Mr. Keel admitted the facts underlying his conviction, and there's no reason to think that the Government would have agreed to a plea deal that was more favorable to Mr. Keel if the trials were severed, if the focus of the case were aiding-and-abetting, or if his counsel had developed more evidence or conducted additional witness interviews. The Government offered a plea deal based on what it understood Mr. Keel to have done, and he has not shown that anything he wanted his counsel to do would have changed that deal.

### B. Sentencing Disparity

Mr. Keel received 135 months for his sentence, but his codefendant Kevin Michael Francis received 120 months. There's nothing wrong with that disparity. A sentencing

judge has wide discretion in imposing a sentence. *See United States v. Voelker*, 489 F.3d 139, 143 (3d Cir. 2007). Further, "a criminal defendant has no constitutional right to be given a sentence equal in duration to that of his or her co-defendants, and a disparity of sentence between co-defendants does not of itself show an abuse of discretion." *United States v. Hart*, 273 F.3d 363, 379 (3d Cir. 2001) (citations and internal quotation marks omitted). Both sentences were within the statutory guidelines. But the two men were not the same. Mr. Francis's circumstances were different from Mr. Keel, including, notably, service to the United States in military combat and resulting psychological trauma. I considered those mitigating factors in imposing Mr. Francis's sentence, and Mr. Keel did not have the same history. That difference in history, in no small part, contributes to the difference in their sentences and was within my discretion to consider.

## IV.    CONCLUSION

Mr. Keel might not like the outcome of his case, but the outcome was not a product of constitutional error. His counsel did not perform at an unacceptable level. To the contrary, she did an admirable job. And my sentencing decision was a proper exercise of my discretion. I will therefore deny Mr. Keel's petition. An appropriate Order follows.[1]

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

---

[1] Reasonable jurists would not debate the procedural aspects of this case, nor has Mr. Keel made a substantial showing of the denial of a constitutional right, so a Certificate Of Appealability shall not issue.

July 21, 2025

10